In the Matter of HERBERT S. ROTHENBERG, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, June 18, 1969.

*Harold A. Cannold* for petitioner.

*Gair & Gair* and *H. Elliot Wales* for respondent.

*Per Curiam.* In this disciplinary proceeding the petitioner moves to confirm the report, dated January 16, 1969, of the Justice to whom the matter was referred for hearing and report. In response thereto, the respondent's brief asserts that in his testimony at the hearing his " great respect for the administration of justice required him to acknowledge fully his wrong." The respondent was admitted to the Bar by this court on December 16, 1953.

The petition, verified October 25, 1968, sets forth a single charge, namely, that the respondent " has been found guilty of a crime or misdemeanor " in the following circumstances: On July 21, 1966 he was arrested by employees of the United States Internal Revenue Service and brought to the United States District Court for the Eastern District of New York, where a complaint was filed charging him with payment of a bribe of $500 to an Internal Revenue agent in an attempt to influence the agent in connection with the audit of a Federal income tax return of a client (U. S. Code, tit. 18, § 201). The charge was subsequently dismissed at the request of the United States Attorney's office. Thereafter, the respondent was convicted on his own plea of guilty to the misdemeanor of will-

fully submitting a false document to an Internal Revenue agent; and he was sentenced to pay a $1,000 fine.

The misdemeanor charge was set forth in an "Information", reading as follows: "On or about * * * [July 15, 1966] in connection with an investigation and audit of the Federal Income Tax returns for the years 1961, 1962 and 1963 of taxpayers * * *, [the respondent], acting as [their] attorney * * * wilfully and knowingly delivered a net worth statement, of the said taxpayer, * * * to the [Brooklyn] Office of the District Director of Internal Revenue, * * * knowing the said statement to be false and fraudulent as to material matters contained therein. (Title 26, United States Code, § 7207.)"

In his verified answer, the respondent stated that he "admits each and every allegation of the Petition" and *inter alia* set forth affirmatively that he testified "fully" before petitioner's Committee on Grievances, "fully cooperated with its investigation", and "stands ready to fully cooperate with this Court in any manner that the Court directs." At the hearing, at which the respondent again admitted the truth of the pertinent allegations of the petition, the petitioner's counsel rested after first informing the hearing Justice that neither the petitioner's records nor those of the Kings County District Attorney's office disclosed other complaints "of any kind" against the respondent. Under questioning by his own counsel, the respondent's explanation of the relevant circumstances was, in substance, as follows: In June, 1965, at the request of an office associate, he undertook to represent the taxpayer. After a conference at a local office of the Internal Revenue Service on June 25, 1965, the respondent was left with the impression that a payment of $571 as additional tax would conclude the matter. However, in July, 1966, another agent of the Service, who came to the respondent's office by appointment, asserted that the proposed compromise had been rejected. The agent threatened to "make a personal example of this taxpayer" and to "go after him for a fraud case," whereupon the taxpayer was told to wait outside and the conference continued *in camera*.

Finally, a new settlement figure of $1,500 was agreed upon. However, according to the respondent, the agent also said, "I will need $500. to close the case, for myself"; and, after the agent's departure, when the respondent informed the taxpayer what had occurred, the taxpayer urged the respondent to "get rid of * * * [the matter] at any cost," indicating that the investigation was most disturbing to him and his family.

Subsequently the agent notified the respondent by telephone that the new compromise had been approved by her superiors, and asked him whether he had what she "want[ed]". The respondent told her he did not have it, but "would". The agent then told the respondent she would come to his office on July 21, 1966. On that date, in the respondent's office, the taxpayer gave the respondent $500 in cash, enclosed in an envelope, and left. Upon the agent's later arrival, she asked the respondent if he "had anything for her"; and the respondent "pointed to the envelope on * * * [his] desk." The agent "took it" and left his office. About 45 minutes later, two men from the Internal Revenue Service entered the respondent's office and placed him under arrest. The respondent concluded his explanation as follows: "I know I had done wrong, but the anxiety of the client and myself and his attorney, and the possible expense * * * and aggravation that the client would undergo, just got beyond me. I know it was wrong then and I know it now."

In light of these circumstances, we agree with the finding in the report that the charge set forth in the petition has been sustained. The motion to confirm the report is granted.

In determining the *quantum* of punishment, we are confronted with a situation in which we cannot condone the respondent's admitted misconduct. In the light, however, of the letters and affidavits (submitted by the respondent in lieu of oral testimony) which uniformly bespeak of his good character and reputation and his not inconsiderable civic and community services, and in view of his otherwise unblemished record, his commendable candor and full co-operation throughout this proceeding, and our belief that he is truly contrite, we have determined to limit the sanction to be imposed upon him to a suspension from the practice of law for a period of six months, commencing July 14, 1969.

CHRIST, Acting P. J., BRENNAN, BENJAMIN, MUNDER and MARTUSCELLO, JJ., concur.

Motion to confirm the report granted and respondent is suspended from the practice of law for a period of six months, commencing July 14, 1969.